**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

CIVIL ACTION NO. 3:18-CV-514-RGJ

ELECTRICAL WORKERS LOCAL 369 BENEFIT FUND
906 Minoma Avenue
Louisville, Kentucky 40217

ELECTRICAL WORKERS LOCAL 369 RETIREMENT FUND
906 Minoma Avenue
Louisville, Kentucky 40217

NATIONAL ELECTRICAL BENEFIT FUND
2400 Research Blvd., Suite 500
Rockville, MD 20850-3266

LOUISVILLE ELECTRICAL JOINT APPRENTICESHIP
& TRAINING COMMITTEE
4315 Preston Highway, Suite 100
Louisville, Kentucky  40213

LOUISVILLE ELECTRICAL LABOR-MANAGEMENT
COOPERATIVE COMMITTEE TRUST FUND
1404 C Browns Lane
Louisville, Kentucky  40207

INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, AFL-CIO, LOCAL UNION NO. 369
4315 Preston Highway, Suite 102
Louisville, Kentucky  40213                                    PLAINTIFFS

v.

COMMONWEALTH ELECTRICAL & CONTROLS, LLC
87 Terrapin Ln.
Bardstown, KY 40004                                            DEFENDANT

\*\*  \*\*  \*\*  \*\*  \*\*

**<u>COMPLAINT</u>**

Plaintiffs, by undersigned counsel, complain as follows.

## JURISDICTION

1.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132, 1145; 29 U.S.C. §185(a); and/or 28 U.S.C. §1331.  The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

## VENUE

2.   Venue lies in the United States District Court, Western District of Kentucky under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b)(2). Plaintiffs are administered in whole or in part in Louisville, Kentucky, and or a substantial part of the events or omissions giving rise to Plaintiffs claims occurred in Louisville, Kentucky.

## COMPLAINT COPY MAILED TO SECRETARY OF LABOR
## AND THE SECRETARY OF TREASURY

3.    A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## THE PARTIES

4.   The Plaintiff, Electrical Workers Local 369 Benefit Fund (herein "Benefit Fund"), is a Trust Fund created pursuant to Section 302(c)(5) of the Labor-Management Relations Act of 1947, as amended (herein "LMRA"), 29 U.S.C. §186(c)(5), is administered pursuant to a Trust Agreement, and is a multiemployer plan pursuant to Section 3(37) of the Employee Retirement Income Security Act of 1974, as amended (herein "ERISA"), 29 U.S.C. §1002(37).

5.   The Plaintiff, Electrical Workers Local 369 Retirement Fund (herein "Retirement Fund"), is a Trust Fund created pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), is administered pursuant to a Trust Agreement, and is a multiemployer plan pursuant to Section 3(37) of ERISA, 29 U.S.C. §1002(37).

6.   The Plaintiff, National Electrical Benefit Fund (herein "NEBF"), is a Trust Fund created pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), is administered pursuant to a Trust Agreement, and is a multiemployer plan pursuant to Section 3(37) of ERISA, 29 U.S.C. §1002(37).

7. The Plaintiff, Louisville Electrical Joint Apprenticeship & Training Committee (herein "JATC"), is a Trust Fund created pursuant to Section 302(c)(6) of the LMRA, 29 U.S.C. §186(c)(6), is administered pursuant to a Trust Agreement, and is a multiemployer plan pursuant to Section 3(37) of ERISA, 29 U.S.C. §1002(37).

8.   The Plaintiff, Louisville Electrical Labor-Management Cooperative Committee Trust Fund (herein "LMCC") is a Trust Fund created pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. §186(c)(9), and is administered pursuant to a Trust Agreement.

9.   The Benefit Fund, Retirement Fund, NEBF, JATC and LMCC are sometimes collectively referred to herein as the "Trust Funds".

10.   The Plaintiff, International Brotherhood of Electrical Workers, AFL-CIO, Local Union No. 369 (herein "Local 369"), is a labor organization as defined in Section 2(5) of the LMRA, 29 U.S.C. §152(5).

11. The Defendant, Commonwealth Electrical & Controls, LLC (herein "CEC"), is a Kentucky Limited Liability Company, is a participating employer who is signatory to a collective bargaining agreement ("Labor Contract") with Local 369 and is required by the terms thereof to make certain predetermined hourly fringe benefit payments to the Plaintiff Trust Funds, and to remit checkoff working dues and vacation allowance payments to the Plaintiff Local 369.

## COMMON FACTS

12. At all times relevant to this action, CEC was party to or agreed to abide by the terms and conditions of the Labor Contract with Local 369. Pursuant to the Labor Contract, CEC agreed to report and pay to Plaintiffs certain predetermined contributions and checkoff working dues and vacation allowance payments for each hour worked by, or based on the gross wages of, the bargaining unit employees employed by CEC. A true and correct copy of the cover page, contribution provisions and joinder or signature page of the Labor Contract is attached as Exhibit 1.

13. The rules of the Benefit Fund and the Retirement Fund require CEC to remit its monthly contribution report and payment no later than the 15th day of the month following the work month. The rules further provide that liquidated damages will be assessed against late contribution reports and payments as follows:

Report and payment received after the 15th day of the month following the work month, 5% of the unpaid contributions or $50.00 plus 1 ½ % of the unpaid contributions, whichever is less;

Report and payment received after the 20th day of the month following the work month, an additional 5% of the unpaid contributions or $50.00 plus 1 ½ % of the unpaid contributions, whichever is less;

Report and payment received after the 30th of the month following the work month, an additional 10% of the unpaid contributions.

The rules also provide that any delinquency referred for legal action shall be assessed interest at the rate of eight (8%) percent per annum, and attorneys' fees and costs incurred in the legal action.

A copy of the Collection Procedures of the Benefit Fund and Retirement Fund are attached as Exhibits 2 and 3 respectively.

14. The rules of the NEBF require CEC to remit a monthly report and make contributions payments by the 15th day of the next month.  The rules further provide that if the delinquent contributions are not paid by the end of the month in which they become delinquent, liquidated damages of twenty percent (20%) are added to the delinquency and interest on the delinquent contributions shall be assessed and shall continue to accrue at the rate of ten percent (10%) compounded annually effective the date the contributions became due and owing.  Additionally, the rules provide for an award of the attorney's fees and costs incurred in the legal action. A copy of the Collection Procedures of the NEBF is attached as Exhibit 4.

15. The rules of the JATC require CEC to remit its monthly contribution report and payment no later than the 15th day of the month following the work month.  The rules further provide that liquidated damages in the amount of ten percent (10%) of the unpaid contributions will be assessed against delinquent contribution reports and payments and, in the event of litigation, plan interest at the rate of one and one-half percent (1.5%) per month will be assessed on the unpaid contributions for each month, or portion thereof, that they remain delinquent. Additionally, the rules provide for an award of the attorney's fees and costs incurred in the legal action. A copy of the Collection Procedures of the JATC is attached as Exhibit 5.

16. The Labor Contract requires CEC to remit monthly contribution payments to the LMCC by the 15th day of the month following the work month.  The Labor Contract further provides that liquidated damages equal to fifteen percent (15%) will be assessed on the delinquent contributions, the debt shall bear interest at the rate of ten percent (10%) per annum until paid, and CEC shall be liable for all attorney's fees and costs of collecting payment. A copy of the Collection Procedures for the LMCC contributions are included in Exhibit 1.

17.  The Labor Contract requires CEC to remit check off dues and vacation payments to Local 369. See Exhibit 1.

## COUNT I – CONTRIBUTIONS PRE-AUDIT

18.  The allegations of paragraphs 1 through 17 are incorporated by reference as if fully restated.  CEC reported and paid contributions to the Benefit Fund and Retirement Fund for the month of June 2018 late, on July 27, 2018. CEC reported, but did not pay, contributions due to the Retirement Fund for the months of December 2017, January and February 2018. CEC reported, but did not pay contributions to JATC nor dues or monthly Vacation payments to Local 369 for the month of December 2017. The following chart summarizes the monies owed by CEC for these work months.

| | Plaintiffs | Contributions Unpaid | Liquidated Damages | Interest* | Totals* Due |
|---|---|---|---|---|---|
| 1. | Benefit | $0.00 | $210.80 | $9.60 | **$220.40** |
| 2. | Retirement | $13,869.77 | $2,296.57 | $524.88 | **$16,691.22** |
| 3. | JATC | $634.36 | $63.43 | $57.04 | **$754.83** |
| 4. | Local 369 Dues | $1,226.69 | $0.00 | $0.00 | **$1,226.69** |
| 5. | Local 369 Vacation | $690.95 | $0.00 | $0.00 | **$690.95** |
| | | | | **GRAND TOTAL:** | **$19,584.09** |

*As of July 27, 2018

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against CEC in favor of Plaintiffs, for the amounts shown above for contributions reported but not paid and interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages and interest provided by the plan document(s) or statute(s), and reasonable attorneys' fees and costs

incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Agreements, Plans and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## <u>COUNT II - AUDIT</u>

19.  The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully restated.

20.  The amount of contributions CEC is required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

21.  The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of CEC's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of CEC.

22. CEC has not filed required reports and or paid any contributions or fees for the months as stated below:

To the Retirement Fund, CEC neither reported nor paid contributions for the months of March, April and May 2018.

To Local Union 369, CEC neither reported nor paid checkoff dues for the months of January, February, March, April, May and June of 2018. Additionally, CEC neither reported nor made Vacation payments for the months of January, February, Mach, April, May and June 2018

To JATC, CEC neither reported nor paid contributions for the months of January, February, March, April, May and June 2018.

To NEBF, CEC neither reported nor paid contributions for the months of December

2017, January, February, March, April, May and June 2018.

To LMCC, CEC neither reported nor paid contributions for the months of December 2017, January, February, March, April, May and June 2018.

23.    Computation of the precise amount of CEC's delinquency is best achieved by an audit of the CEC's books and records.

24.    No audit of CEC's books and records has been performed for any of the months retained herein.

25.    CEC is required by the Labor Contract and plan documents of the ERISA Trust Funds and/or applicable law to permit the Trust Funds to audit its records, to cooperate in determining the contributions due the Trust Funds and to pay the cost of the audit.

26.    The Trust Funds are adversely affected or damaged by the lack of an audit as, among other things, they have a duty to audit and confirm amounts due from contributing employers.

27.    The Trust Funds have no adequate remedy at law for lack of an audit as the calculation of any damages suffered requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enjoin CEC, its officers, agents, servants, employees, attorneys and all others  in active concert or participation with them to permit an audit of all records under the actual or constructive control of CEC and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2)  Order CEC to pay for an audit by a Certified Public Accountant chosen by the Trust Funds.

(3)  Grant such other or further relief, legal or equitable, as may be just, necessary or

appropriate.

## COUNT III - CONTRIBUTIONS AND DUES DISCOVERED THROUGH AUDIT

28. The allegations of Paragraphs 1 through 27 are incorporated by reference as if fully restated.

29. On information and belief, CEC has failed to make contributions to the Trust Funds in violation of 29 U.S.C. §1145 and pay check off dues and vacation payments to Local 369 in a period not barred by applicable statute of limitations or similar bar.

30. The Plaintiffs are adversely affected or damaged by CEC's violation of 29 U.S.C. §1145 and non-compliance with Local 369 check off dues and vacation payments requirements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against CEC in favor of Plaintiffs, for the contributions found due and owing by the audit, together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages and interest provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Agreements, Plans and 29 U.S.C. §1132(g)(2) and Local 369 check off dues and vacation payments.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV – CONTRIBUTIONS AND DUES
## DUE DURING PENDING OF ACTION

31. The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully restated.

32.  Plaintiffs are damaged as a proximate result of the breach of the Labor Contract and its incorporated documents, Plans and Agreements referenced here in with respect to any amounts due during the pendency of this action.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)  Enter judgment against CEC and in favor of Plaintiffs, for any additional amounts which become due and owing during the pendency of this litigation together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract, Plans and Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

/s/*Rex Dunn*
Rex Dunn
Kentucky Bar No. 19610
Admitted USDC.
Western District of Kentucky
Dunn & Wallbaum Law, PLLC
105 Daventry Lane, Suite 200
Louisville, KY 40223
Phone: (502) 384-5156
Fax: (502) 276-9215